

# Office of the Attorney General
## State of Texas

DAN MORALES
ATTORNEY GENERAL

May 13, 1992

Honorable Joe S. Falco, Jr.
Grimes County Attorney
County Courthouse
P. O. Box 439
Anderson, Texas 77830

Opinion No. DM-120

Re: Whether Grimes County may construct its new jail at a location in the county outside the county seat (RQ-336)

Dear Mr. Falco:

You ask whether the Commissioners Court of Grimes County, Texas, may construct its new county jail in a location within Grimes County but outside of the county seat. You state that the present county jail facility is located in the unincorporated town of Anderson, which is the county seat. The jail facilities are inadequate and substandard, and a new facility must be constructed. You wish to know if the new jail may be built in Navasota, an incorporated city in Grimes County, approximately ten miles from the county seat.

County jails have ordinarily been located at the county seat, and under former law, certain county jails were required to be located at the county seat. *See* Attorney General Opinion M-637 (1970) (if county has only one jail, it must be located at county seat); 35 D. BROOKS, COUNTY AND SPECIAL DISTRICT LAW § 20.52 (Texas Practice 1989); *see also* Attorney General Opinion O-2201 (1940) (county jail may be located outside of county seat). An examination of current provisions on the location of a county jail demonstrates that the Grimes County Commissioners Court is authorized to locate the new jail anywhere in the county including outside of the county seat.

Statutes on the location of county jails are codified in chapter 292[1] and at section 351.001 of the Local Government Code. We will begin by looking at section 351.001, which provides as follows:

---

[1]The title of chapter 292 of the Local Government Code is "Auxiliary County Buildings." However, the heading of a chapter does not limit or expand the meaning of a statute. Gov't Code § 311.024. Thus, we cannot assume that all provisions of chapter 292 on the location of county jails pertain only to auxiliary county jails.

> (a) The commissioners court of a county shall provide safe and suitable jails for the county.
>
> (b) The jails must be located at the county seat *unless the county has only one jail, in which case the jail may be located anywhere in the county at the discretion of the commissioners court.*

Local Gov't Code § 351.001 (emphasis added). Subsection (a), formerly article 5115, was recodified in 1987 as section 351.001 of the Local Government Code. Another 1987 enactment, House Bill 16 of the 70th Regular Legislative Session, adopted the provision now codified as subsection (b) of section 351.001. Acts 1987, 70th Leg., ch. 92, § 4; *see also* Acts 1989, 71st Leg., ch. 1, § 64(e) (conforming section 351.001 to 1987 enactment). The bill analysis to House Bill 16 stated that under current law, a county with only one county jail must locate it in the county seat. House Comm. on County Affairs, Bill Analysis, H.B. 16, 70th Leg. (1987). The purpose of the bill was stated as follows:

> H.B. 16 allows the Commissioner's Court of a county having only one county jail to locate [it] anywhere in the county that the Commissioner's Court deems appropriate.

*Id.*

A 1989 amendment to section 292.001 of the Local Government Code gives the commissioners court even broader discretion than does section 351.001 with respect to choosing the location of the county jail. Section 292.001 provides in part:

> (a) The commissioners court of a county may purchase, construct, or provide by other means, ... a building or rooms, other than the courthouse, for the housing of county or district offices, county or district courts, justice of the peace courts, ... or county jail facilities, ... if the commissioners court determines that the additional building or rooms are necessary.
>
> (b) The building or rooms must be located in the county seat. However, if the *building or rooms are for housing county jail facilities,* the building or rooms may be located anywhere in the county at the discretion of the commissioners court.

Local Gov't Code § 292.001 (emphasis added). The emphasized language was added in 1989. Acts 1989, 71st Leg., 1st C.S., ch. 31, § 1. The predecessor of this statute was adopted in 1957, codified as sections 1 and 2 of article 2370b, V.T.C.S, and recodified in 1987 as section 292.001 of the Local Government Code. Acts 1957, 55th Leg., ch. 476, at 1386; Acts 1987, 70th Leg., ch. 149, § 1. As adopted, it provided that all such buildings or rooms, including those for county jail facilities, must be located at the county seat. Acts 1957, 55th Leg., *supra*.[2] The bill analysis to the 1989 amendment gave the following background for this provision:

> Section 292.001 of the Local Government Code prohibits the building of a county jail facility at any location other than the county seat. The law can be worked around by contracting with another county to house their prisoners, thus making the jail facility an interlocal jail under Article 4413(32c), V.T.C.S.
>
> Section 292.001 was passed near the turn of the century and many county officials believe it has outlived its original intent.

House Comm. on County Affairs, Bill Analysis H.B. 25, 71st Leg., 1st C.S. (1989).

The purpose of the amendment, according to the bill analysis, was to allow "the county jail to be built anywhere within a county's geographic boundaries at the discretion of the commissioners court." Section 292.001 of the Local Government Code authorizes the county commissioners to locate the jail anywhere in the county, whether or not it is the only jail in the county.

Sections 292.002 and 292.004 of the Local Government Code also address the location of the county jail. These statutes were both adopted in 1979 and their provisions on the county jail have not been amended since then. Section 292.002 of the Local Government Code expressly authorizes the county to build a jail outside of the county seat:

> (a) The commissioners court of a county may provide an office building or a jail facility at a location in the county outside the

---

[2]Article 2370b, V.T.C.S., as enacted in 1957, *see* Acts 1957, 55th Leg., ch. 476, at 1386, authorized the commissioners court to acquire a courthouse building or a jail building "(in addition to the existing courthouse and/or jail)." Thus, it originally pertained to an auxiliary facility, but the relevant language has been repealed. Acts 1989, 71st Leg., ch. 1, § 64(f).

> county seat in the same manner that is applicable to such a
> building or facility at the county seat . . . .

Local Gov't Code § 292.002.  This language was derived from a 1979 enactment
formerly codified as V.T.C.S. article 2370b-3, §§ 1-3.  Acts 1979, 66th Leg., ch. 18, at
28.

Another 1979 enactment, now codified as section 292.004 of the Local
Government Code appears to be inconsistent with section 292.002:

> (a) The commissioners court of a county may provide,
> *inside the municipality designated as the county seat,* an auxiliary
> courthouse, *a jail,* . . . or any facility related to the administration
> of civil or criminal justice.  For purposes of this section, the
> municipality designated as the county seat includes territory
> added to the municipality after it became the county seat but
> excludes any part of the municipality outside the county.
>
> . . . .
>
> (f) This section does not limit the authority of the
> commissioners court under any other law relating to the
> providing of county facilities.

Acts 1979, 66th Leg., ch. 174, at 382 (formerly codified as sections 1 - 3 and 6(a) of
article 1605a-5, V.T.C.S.) (emphasis added).

The express permission given by section 292.004 for locating an auxiliary jail
in annexed portions of the county seat indicates that it does not otherwise authorize
the jail be located outside the boundaries of the original county seat.  However,
sections 292.002 and 292.004 could have been harmonized even in 1979 by
construing them as cumulative, rather than inconsistent, in the authority they gave
the county to determine where to locate county jail facilities.  *See generally* Attorney
General Opinion JM-606 (1986) (citing V.T.C.S. articles 1605a-5, 2370b and several
other statutes as authorizing the creation of branch offices for county officers
outside the county seat and of auxiliary courthouses both at the county seat and
outside of it).

The adoption of the 1989 amendment to section 292.001 establishes that the
commissioners court has authority to build jails outside the county seat.  As the

latest expression of legislative intent, this provision controls over any inconsistent provision of the earlier-adopted section 292.004. Gov't Code § 311.025(a). Moreover, the 1989 amendment to section 292.001 pertains only to jails, while section 292.004 pertains to several kinds of county facilities. In the event of an irreconcilable conflict between a general provision and a special provision, the special provision will prevail as an exception to the general provision. Gov't Code § 311.026(b). Accordingly, the Commissioners Court of Grimes County has authority under section 292.001 of the Local Government Code to build jail facilities outside of the county seat.

## S U M M A R Y

Article 292.001 of the Local Government Code authorizes a commissioners court to build a county jail at any location within the county, including a location outside of the county seat.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General